# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 03cr2434 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO REVOKE BOND |
| vs. | |
| RALPH INZUNZA, | |
| Defendant. | |

The United States of America moves to revoke Defendant's bail in order to obligate Defendant to commence serving his 21-month criminal sentence. Defendant opposes the motion. For the reasons set forth below, the Motion to Revoke Bail is denied.

## BACKGROUND

On December 12, 2005, the court granted Defendant Inzunza's motion for bail pending appeal. (Ct. Dkt. 576). On September 1, 2009, the Ninth Circuit affirmed Inzunza's convictions but stayed the mandate pending the Supreme Court's decision in Weyhrauch v. United States. United States v. Inzunza, 580 F.3d 894 (9th Cir. 2009). On June 24, 2010, the Supreme Court decided Weyhrauch and two other honest services cases, including Skilling v. United States, 561 U.S. 289 (2010).

Following the decision in Skilling, on April 12, 2011, the Ninth Circuit made relatively minor revisions to its published opinion, affirming Inzunza's convictions and denying the petition for rehearing and rehearing en banc. In an opposed motion, on April 19, 2011, the Ninth Circuit granted Defendant's motion to stay the mandate for 60 days pending his expressed intention to file a petition

1 for certiorari. On May 25, 2011, Defendant moved the Ninth Circuit for an additional 30-day stay to
2 permit him to file his petition within the 90-day period required by S.Ct.R. 13. The next day, the
3 Ninth Circuit granted the request and stayed the mandate until July 18, 2011. In the event Inzunza
4 files a timely petition for certiorari, the Ninth Circuit also ordered that the mandate will be stayed until
5 final disposition of the matter by the Supreme Court.

## DISCUSSION

Legal Standards for Granting a Stay Pending Appeal

An individual seeking release pending appeal must satisfy 18 U.S.C. §3143 which provides, in pertinent part, that a convicted individual may be released provided that the court

> finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community if released [and that the appeal is not for the purpose of delay and] raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial,(iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b). Fed.R.App.P. 9(b) provides the procedural mechanism to seek release pending appeal. On December 12, 2005, this court found, in light of the then existing legal authorities on honest services wire fraud, that Defendant Inzunza satisfied the legal standard for bail pending appeal. (Ct. Dkt. 576).

The Motion to Revoke Bail

In light of the Ninth Circuit's April 12, 2011 affirmance of the appeal, the Government argues that "there is no longer 'any substantial question of law or fact likely to result in reversal' as required by the statute." (Motion at p.2:24-25). In further support of this argument, the Government argues that the opinion of the Ninth Circuit was unanimous, that no Circuit Judge voted to rehear the case, and therefore there is no issue likely to result in reversal. (Motion at p.4:8). The Government cites several pre-1994 cases for the proposition that the court has jurisdiction to entertain the present motion and that statistically there is only a slight chance that the Supreme Court will grant the petition for certiorari. See United States v. Krzyske, 857 F.2d 1089, 1092 (6th Cir. 1988).

The court concludes that the Government's arguments fail to adequately address a 1994 amendment to Rule 41, now Rule 41(d)(2)(A), of the Rules of Appellate Procedure, in conjunction

1  with the Ninth Circuit's May 26, 2011 order staying the mandate "until final disposition of the matter
2  by the Supreme Court." (May 26, 2011 Order). Fed.R.App.P 41(d)(2)(A) provides that a stay of the
3  mandate is appropriate where the defendant "show[s] that the certiorari petition would present a
4  substantial question and there is good cause for the delay." Because the Ninth Circuit has indicated
5  that it will stay the mandate pending the timely filing of a petition for certiorari, Defendant concludes
6  that the Ninth Circuit impliedly and necessarily found, pursuant to Fed.R.App.P. 41(d)(2)(A), that the
7  appeal presents a substantial question. The court notes that the term "substantial question" in the
8  present context means, at a minium, a non-frivolous argument. Given that the law concerning honest
9  services wire fraud has evolved as discussed in Skilling and Inzunza, the court cannot conclude that
10 Defendant's arguments related to the scope of honest services wire fraud as applied to him are
11 frivolous.

12     In denying the Motion to Revoke Bail, the court also finds, assuming Defendant timely files
13 a petition for certiorari, that a further brief stay of three to six months - - in light of the nearly six-year
14 stay - - will not seriously undermine any deterrent effect
15  of the sentence imposed.

16     In sum, the Motion to Revoke Bail is denied.

17     **IT IS SO ORDERED.**

18 DATED: July 8, 2011

19                                          _____
20                                          Hon. Jeffrey T. Miller
                                            United States District Judge
   cc:        All parties